IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00100-WYD-MEH

GAVAN ALKADI,

    Plaintiff,

v.

TOM TANCREDO – U.S. REP OF LITTLETON, COLORADO,

    Defendant.

---

**RECOMMENDATION ON MOTION TO SUBSTITUTE THE UNITED STATES AS DEFENDANT AND MOTION TO DISMISS PLAINTIFF'S TORT CLAIMS**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant Tancredo's Motion to Substitute the United States as Defendant for Plaintiff's Tort Claims [filed August 15, 2007; doc #39] and the United States' Motion to Dismiss Plaintiff's Tort Claims Against Defendant the United States [filed July 23, 2007; doc #35].[1] The matter is fully briefed, and has been referred to me to conduct proceedings herewith. The Court recommends that, for the reasons stated herein, the Motions be **granted**.[2]

---

[1] Defendant Tancredo also has filed a Motion to Dismiss the Plaintiff's claim under 42 U.S.C. § 1983, which has been converted to a Motion for Summary Judgment, and which remains pending.

[2] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

On January 16, 2007, Plaintiff filed a Prisoner Complaint against Defendant U.S. Representative Tom Tancredo, alleging that Plaintiff was damaged as a result of a letter Defendant addressed to Michael Chertoff, Secretary of the Department of Homeland Security, which was published in the press on June 26, 2006. [Complaint at 3.] The letter[3] expresses the Defendant's "shock" at learning that Plaintiff, an Iraqi national, had been released from the custody of Immigration and Customs Enforcement ("ICE"), considering that Plaintiff allegedly had been arrested "nearly 70 times in Colorado alone." [Complaint, at 11.] Defendant asserts in his letter that Plaintiff's "LPR" (legal permanent resident) status was suspended and deportation proceedings begun in 2002 after the Plaintiff was convicted of an "aggravated felony." [*Id.*] Defendant contends that the deportation proceedings "hit a roadblock" when the Iraqi government refused to issue travel documents for the Plaintiff. [*Id.*] Plaintiff was thereafter released from custody in May 2006. [Complaint at 12.] The letter concludes with the Defendant's "hope the agency will act swiftly to revoke whatever kind of legal parole has been extended to Alkadi before he commits another crime." [*Id.*] Two days later, on June 28, 2006, Plaintiff was detained by the ICE, allegedly for failing to report as required by the conditions of his release. [Complaint at 13.]

Plaintiff claims that, as a result of Defendant's letter, he has suffered (1) defamation of character, (2) illegal detention, and (3) pain, suffering, humiliation and "ruining credability [sic]." [Complaint at 4-6.] Plaintiff, as a federal detainee, asserts jurisdiction pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[4]

---

[3]The letter is attached to the Complaint in the form of a press release.

[4]Plaintiff also erroneously checked the "box" asserting jurisdiction pursuant to 42 U.S.C. § 1983; however, construing his pleading liberally, the Court will analyze any applicable claims pursuant to *Bivens*.

Defendant Tancredo filed the within Motion to Substitute pursuant to 28 U.S.C. § 2679 [doc #39] on August 15, 2007 after notification that the Motion had been incorrectly filed as a "Notice" on July 23, 2007. Assuming that substitution would be effected, the United States filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) on July 23, 2007 [doc #35]. In his Motion to Substitute, Defendant Tancredo contends that, because he was acting within the scope of his federal employment during all times relevant to the allegations in the Complaint, the Plaintiff's tort claims are subject to the Federal Tort Claims Act ("FTCA") and, thus, should be brought against the United States as the exclusive remedy. [Mot. Substitute at 1-2.] The United States, in turn, contends in its Motion to Dismiss that this Court lacks jurisdiction to hear Plaintiff's tort claims since the Plaintiff failed to exhaust his administrative remedies under the FTCA. [Mot. Dismiss at 1.]

Plaintiff responded to the Motion to Substitute on August 22, 2007 [doc #42], asserting that Defendant Tancredo, at the time of the "incident," was "acting on his own for his campain [sic] useing [sic] the Plaintiff as a poster child for his campaign [for] Defendant Tom Tancredo not the United States Goverment [sic]." [Response at 2.] Also, Plaintiff repeated that he believes Defendant Tancredo, "by giving false statement to the public and to homeland security and false accusations to imprison the Plaintiff he was useing [sic] the Plaintiff for his campaign and not as [a] United States employee but to further his own political career." [*Id.*] Plaintiff acknowledges that the claims alleged in his Complaint are, in fact, tort claims. [*Id.* at 3.]

In one pleading, Plaintiff responded to the Motions to Dismiss filed by the United States and Defendant Tancredo [doc #41]. Essentially, Plaintiff repeats the allegations made in his Complaint with respect to the tort claims. [*Id.*] However, Plaintiff does not address the United States' claim that he failed to exhaust his administrative remedies. [*Id.*] Nevertheless, before ruling on the Motion to Dismiss, the Court must determine whether the United States should be substituted as the defendant

3

for Plaintiff's tort claims.

## MOTION TO SUBSTITUTE

The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties. *See* 28 U.S.C. § 2679(b)(1) (2007). When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1), (2) (2007). Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee. *Id.* The litigation is thereafter governed by the Federal Tort Claims Act ("FTCA"). *See Osborn v. Haley*, – U.S. –, 127 S. Ct. 881, 887-888 (2007).

Defendant Tancredo asserts that Plaintiff's tort claims are subject to the Westfall Act, which states, in pertinent part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1) (2007). The Attorney General has delegated his power to certify to the United States Attorney for the federal district in which the claim arose. *See* 28 C.F.R. § 15.3; *see also Osborn*, 127 S. Ct. at 889  Defendant attached to its Motion a "Certification of Scope of Employment" executed by Cliff Stricklin, First Assistant United States Attorney for the District of

4

Colorado.[5] [Motion, Exh. A-1.] In the attachment, Mr. Stricklin certifies that "Representative Tom Tancredo was acting within the scope of his employment as an employee of the United States at the time of the incidents alleged in the Complaint." [*Id.*]

Here, the Court has no choice but to substitute the United States for Defendant Tancredo for purposes of Plaintiff's tort claims. "If the action is commenced in a federal court, and the Attorney General [or an appropriate delegate] certifies that the employee was acting within the scope of his office or employment at the relevant time, the United States *must* be substituted as the defendant." *Osborn v. Haley*, – U.S. –, 127 S. Ct. 881, 894 (2007) (emphasis added); *see also* § 2679(d)(1). *Cf. Keyter v. McCain*, 207 Fed. Appx. 801 (9th Cir. Nov. 15, 2006) (construing allegations as tort claims against United States Senator within scope of employment and affirming dismissal for failure to exhaust); *Operation Rescue Nat'l v. United States*, 147 F.3d 68 (1st Cir. 1998) (holding that United States Congressman is included in FTCA's definition of "employee of the government," affirming substitution of the United States as defendant, and affirming dismissal). Therefore, the Court **recommends** that the United States be substituted as defendant for Tom Tancredo with respect to Plaintiff's tort claims of defamation, false imprisonment, and infliction of emotional distress.[6]

## MOTION TO DISMISS

The United States moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the Complaint on the ground that Plaintiff has not yet exhausted his administrative remedies as required by the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"), and thus the Court is deprived of jurisdiction

---

[5]Although the delegation is to the United States Attorney for the District of Colorado, Troy Eid, Mr. Eid properly delegated this authority, in his absence, to Mr. Stricklin, who served as Acting United States Attorney for purposes of this certification. *See* Defendant's Clarification in Accordance with Court's Order, September 27, 2007, Exhibit 1.

[6]Plaintiff titles this claim as "Pain and Suffering-Ruining Credibility-Humiliation," which the Court construes as a tort claim for intentional or negligent infliction of emotional distress.

5

to hear Plaintiff's claims.

**A.      Standard of Review**

Rule 12(b)(1) of the Federal Rules of Civil Procedure empowers a court to dismiss a Complaint for "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1) (2007). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. CONST. art. III, § 2; *Morris v. City of Hobart,* 39 F.3d 1105, 1110 (10th Cir.1994). Statutes conferring jurisdiction on federal courts are to be strictly construed. *See F & S Constr. Co. v. Jensen,* 337 F.2d 160, 161 (10th Cir.1964). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler,* 442 F.2d 674, 677 (10th Cir.1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *See Holt v. United States,* 46 F.3d 1000, 1002-03 (10th Cir. 1995).  Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact.  *See id.* at 1003.  A court's consideration of evidence outside the pleadings, including affidavits, will not convert the motion to dismiss to a motion for summary judgment under Rule 56. *Id.*

Since the Plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon,* 935 F .2d 1106, 1110 (10th Cir.1991) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it

should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* At the same time, it is not the proper function of the district court to assume the role of advocate for the pro se litigant. *Id.*

**B.      Analysis**

In its motion, the United States asserts that Plaintiff's allegations appear to be that a federal employee committed the torts of defamation, false imprisonment, and/or some other form of tort allegation involving emotional distress. Motion at 2. Plaintiff concedes that these claims are, in fact, tort claims. Response at 3. Further, the United States correctly asserts that the FTCA is the exclusive remedy for all common law torts committed by federal employees while acting within the scope of their office or employment. *See* 28 U.S.C. § 2679(b)(1) (2007).

"The FTCA imposes two main burdens on those filing tort claims against the United States: a requirement that they exhaust administrative remedies before pursuing judicial action, and a time limit after which their claims become invalid." *Burkins v. United States,* 865 F. Supp. 1480, 1490 (D. Colo. 1994) (citing 28 U.S.C. §§ 2401, 2675(a)). In the instant case, the United States asserts that the Plaintiff has failed to meet the first requirement. With regard to that requirement, 28 U.S.C. § 2675(a) provides in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section....

28 U.S.C. § 2675(a). The requirements of § 2675(a) are jurisdictional, *Burkins,* 865 F. Supp. at

1490, and the Plaintiff bears the burden of demonstrating exhaustion of his administrative remedies. *See Nero v. Cherokee Nation of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989).

The United States claims that the Plaintiff has not filed an administrative claim concerning the alleged torts, nor has he obtained an agency decision on such claims, as required by the FTCA.[7] Motion at 2. In fact, John Filamor, Assistant Counsel for the United States House of Representatives, declares under oath that there is no record that Plaintiff has filed any FTCA claims with the House. Motion, Exh. A-1, ¶ 3. Therefore, Defendant asserts that this Court lacks jurisdiction over the Plaintiff's claims. *Id.*

In response, Plaintiff utterly fails to address whether he has exhausted his administrative remedies under the FTCA. Thus, the Court finds that the Plaintiff has made no showing that he has complied with § 2675(a) prior to commencing this action. Therefore, this action should be dismissed without prejudice for Plaintiff's failure to comply with 28 U.S.C. §§ 2401(b) and 2675(a).

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1(C), I therefore RECOMMEND the following:

(1) that Defendant's Motion to Substitute the United States as Defendant for Plaintiff's Tort Claims [filed August 15, 2007; doc#39] be **granted**; and

(2) that Defendant the United States' Motion to Dismiss Plaintiff's Tort Claims against Defendant the United States [filed July 23, 2007; doc #35] be **granted** and that Plaintiff's tort claims

---

[7]28 U.S.C. § 2401(b), states: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

8

be **dismissed without prejudice**.[8]

Dated at Denver, Colorado this 2nd day of October, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[8] Again, Plaintiff's claim under 42 U.S.C. § 1983 remains outstanding pending the disposition of Defendant Tancredo's Motion to Dismiss, which has been converted to a Motion for Summary Judgment.