IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00100-WYD-MEH

GAVAN ALKADI,

     Plaintiff,

v.

TOM TANCREDO – U.S. REP OF LITTLETON, COLORADO,

     Defendant.

---

## RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant Tancredo's Motion to Dismiss [filed July 23, 2007; doc #36]. Because Defendant submitted evidentiary materials in support of its Motion, the Motion was converted to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. [Doc #52] By Order of Reference to United States Magistrate Judge, this matter has been referred to me to conduct proceedings in this civil action pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b). The matter is fully briefed, and the Court recommends that, for the reasons stated herein, the Motion be **granted**.[1]

---

[1]Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

On January 16, 2007, Plaintiff filed a Prisoner Complaint against Defendant U.S. Representative Tom Tancredo, alleging that Plaintiff was damaged as a result of a letter Defendant addressed to Michael Chertoff, Secretary of the Department of Homeland Security, and published in the press on June 26, 2006. [Complaint at 3.]  The letter[2] expresses the Defendant's "shock" at learning that Plaintiff, an Iraqi national, had been released from the custody of Immigration and Customs Enforcement ("ICE"), considering that Plaintiff allegedly had been arrested "nearly 70 times in Colorado alone." [Complaint, at 11.]  Defendant asserts in his letter that Plaintiff's "LPR" (legal permanent resident) status was suspended and deportation proceedings begun in 2002 after the Plaintiff was convicted of an "aggravated felony." [*Id.*]  Defendant contends that the deportation proceedings "hit a roadblock" when the Iraqi government refused to issue travel documents for the Plaintiff. [*Id.*]  Plaintiff was thereafter released from custody in May 2006.  [Complaint at 12.]  The letter concludes with the Defendant's "hope the agency will act swiftly to revoke whatever kind of legal parole has been extended to Alkadi before he commits another crime." [*Id.*]  Two days later, on June 28, 2006, Plaintiff was detained by the ICE, allegedly for failing to report as required by the conditions of his release. [Complaint at 13.]

Plaintiff claims that, as a result of Defendant's letter, he has suffered (1) defamation of character, (2) illegal detention, and (3) pain, suffering, humiliation and "ruining credability [sic]." [Complaint at 4-6.]  Plaintiff, as a federal detainee, asserts jurisdiction pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[3]  As

---

[2]The letter is attached to the Complaint in the form of a press release.

[3]Plaintiff also erroneously checked the "box" asserting jurisdiction pursuant to 42 U.S.C. § 1983; however, construing his pleading liberally, the Court will analyze any applicable claims pursuant to *Bivens*.

such, the Court recognizes that *Bivens* actions lie only against federal actors in their individual capacities, not in their official capacities and not against the federal agencies for which they work. *See Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001).

Defendant Tancredo filed this Motion to Dismiss[4] pursuant to Fed. R. Civ. P. 12(b)(6) on July 23, 2007 [doc #36]. Defendant contends that, because Plaintiff's Complaint does not provide factual allegations that raise a right to relief above the speculative level, the Complaint should be dismissed for failure to state a claim. [Motion at 4-5.] At the same time, Defendant asserts that he, in his individual capacity, is entitled to qualified immunity from suit in this matter, because the Plaintiff fails to demonstrate a violation of a clearly established constitutional right. [Motion at 7-9.]

Plaintiff responded asserting that several allegations made by Tancredo in the letter to Secretary Chertoff are false, and that such allegations "defamed [his] character and slandered the plaintiff's name." [Response at 3.] Also, Plaintiff repeated that he believes Defendant Tancredo "sent a letter to homeland security and the press and the nation to have plaintiff falsely imprisoned." [*Id.*]

At the Court's request, the parties submitted supplemental briefing regarding the basis upon which the Plaintiff was arrested and detained in June 2006. The Plaintiff did not respond; however, on September 10, 2007, Defendant responded to the Court's request by providing information and documentation demonstrating the following with respect to the Plaintiff's arrest.

Upon Plaintiff's release from detention on May 16, 2006, the Plaintiff became subject to an "Order of Supervision," which lists numerous conditions upon which the Plaintiff was released from custody, including but not limited to (1) that he report in person every Monday of every week to the ICE office; (2) that he refrain from associating with known gang members, criminal associates, or be

---

[4]The Motion addresses only one constitutional claim - due process violation of a liberty interest - construed by Defendant as arising from the allegations of the Complaint.

associated with any such activity; (3) that he refrain from committing any crimes while under the Order; and (4) that any violation of these conditions may result in [Plaintiff] being taken into ICE custody and criminally prosecuted. [Def. Supp., Exh. D.]  Plaintiff acknowledged the Order and conditions of release by executing the document on May 16, 2006. [*Id.*]

Plaintiff failed to report to ICE the following Monday, May 22, 2006, and every Monday thereafter until his arrest on June 28, 2006. [Def. Supp. at 2 & Exh. E.]  In addition, the Plaintiff was arrested on May 18, 2006, two days after his release, by the Fort Lupton Police Department for Felony Assault and Menacing. [*Id.*, Exh. E.]  Then, on June 12, 2006, the Plaintiff was arrested in Westminster for Domestic Violence - Harassment. [*Id.*, Exh. F.]  Finally, on June 16, 2006, the Longmont Police Department notified ICE that the Plaintiff was being investigated for dealing methamphetamine from his residence. [*Id.*, Exh. C.]

Consequently, on June 26, 2006, ICE contacted the Denver Fugitive Operations (FUGOPS) to request re-apprehension of the Plaintiff. [*Id.*, Exh. E]  Together with the Longmont police, FUGOPS arrested the Plaintiff at his residence on June 27, 2007. [*Id.*]  The same day, Plaintiff was served with a Notice of Revocation of Release stating:

> As a condition of your release on an Order of Supervision, you were to report weekly to the Non-Detained Deportation Officer in charge of your case.  On May 22, 2006 and thereafter, you failed to report in person as directed on the Order of Supervision. Another condition of your release was that you not commit any crimes while on the Order of Supervision.  You were arrested on May 18, 2006 by the Fort Lupton, CO Police Department for Menacing with a Real or Simulated Weapon.  Also, you are known by the Longmont CO Police Department to be currently associated with criminal associates and criminal activity.  In light of this information, you are in violation of the conditions of your release for the following reasons: you have not appeared in person upon each and every request of ICE; you have violated federal, state, or local laws while on an Order of Supervision, and you associate with persons known to be involved in criminal activity.

[*Id.*, Exh. G.] The Plaintiff acknowledged receipt of the notification by executing the document on June 27, 2006. [*Id.*]

After determining that the Defendant wished to provide these evidentiary materials in support of its Motion, the Court converted the Motion into a Motion for Summary Judgment on September 18, 2007, and requested response and additional briefing to be filed by the parties on or before October 5, 2007 [doc #52].  Neither Plaintiff nor Defendant responded to the Court's request.

## DISCUSSION

### I.   Standard of Review

Summary judgment serves the purpose of testing whether a trial is required.  *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003).  The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law.  *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006).

If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e).  These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town*

*of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324).  "[T]he content of summary judgment evidence must be generally admissible and . . .  if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005).  "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

## II.    Analysis

Even drawing all inferences in the light most favorable to him, I find that Plaintiff has failed to show any genuine issue of material fact against Defendant Tancredo that would justify permitting this case to proceed..

Here, Defendant argues that Plaintiff's Complaint may be construed as containing a potential due process violation of a liberty interest; however, this Court instead construes the allegations of the Complaint as a potential violation of the Fourth Amendment.  *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); *see also Albright v. Oliver*, 510 U.S. 266, 272 (1994) ("[t]he first step in any [*Bivens*] claim is to identify the specific constitutional right allegedly infringed").  That is, the Plaintiff claims that but for Defendant's letter to Secretary Chertoff, he would not have been arrested and "falsely detained." *See* Complaint at 3; Response at 3.  In essence, Plaintiff asserts that no probable cause existed for his arrest and detention, and consequently, alleges a constitutional deprivation before hearing or trial.

The Fourth Amendment governs pretrial deprivations of liberty.  *See Albright*, 510 U.S. at 274 (plaintiff's incarceration following arrest without probable cause implicates the Fourth Amendment, rather than his substantive due process rights); *see also Taylor v. Meacham*, 82 F.3d

1556, 1560 (10th Cir. 1996).    Thus, the Court will analyze Plaintiff's constitutional claim as a potential violation of the Fourth Amendment's protection against an unreasonable search and seizure. *See Albright*, 510 U.S. at 273 (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)) ("where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims").

The Fourth Amendment requires that formal arrests, or seizures that resemble formal arrests, must be supported by probable cause.  *Latta v. Keryte*, 118 F.3d 693, 699 (10th 1997) (citing *Michigan v. Summers,* 452 U.S. 692, 700 (1981)). "Probable cause to arrest exists when officers have knowledge of facts that would warrant a person of reasonable caution in the belief that an offense has been or is being committed." *United States v. Bruce,* 78 F.3d 1506, 1508 (10th Cir.), *cert. denied,* 519 U.S. 854 (1996).  In determining whether probable cause exists, the Court looks to the "circumstances as they would have appeared to a prudent, cautious, trained police officer." *United States v. Morgan,* 936 F.2d 1561, 1568 (10th Cir. 1991).

Here, Defendant has provided substantial information and documentation describing the events leading up to Plaintiff's arrest and detention, to which the Plaintiff did not respond.  Upon his release in May 2006, Plaintiff was duly informed that any violations of the conditions of his release could result in further detention and criminal prosecution. *See* Def. Supp., Exh. D. Despite agreeing to these conditions, Plaintiff flagrantly disregarded them, and proceeded to refuse to report to ICE as required, caused police in *two* different cities to arrest him, and prompted a third police department to suspect him of drug dealing, all *weeks before* the Defendant's letter was published in the news. *Id.*, Exhs. E, F, C.  Such information clearly demonstrates probable cause to believe Plaintiff had committed offenses in violation of the Order

of Supervision, and that law enforcement officials acted reasonably in arresting and detaining the

Plaintiff.

Defendant asserts that he is entitled to qualified immunity from Plaintiff's claim.  Under

the doctrine of qualified immunity, "government officials performing discretionary functions

generally are shielded from liability for civil damages insofar as their conduct does not violate

clearly established statutory or constitutional rights of which a reasonable person would have

known." *Trujillo v. Simer*, 934 F. Supp. 1217, 1221 (D. Colo. 1996) (citing *Harlow v.*

*Fitzgerald*, 457 U.S. 800, 818 (1982)).  When an arrest is challenged in a *Bivens* action, the

defendant is entitled to qualified immunity if probable cause existed to arrest the plaintiff.  *See*

*Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007); *see also Wilson v. Layne*, 526 U.S. 603,

609 (1999) (the qualified immunity analysis is identical under both Section 1983 and *Bivens*

causes of action).  Here, based on the foregoing and the fact that the Plaintiff failed to respond to

Defendant's arguments and supporting documentation, the Court finds that Plaintiff can

demonstrate no genuine issue of material fact as to whether probable cause existed to arrest and

detain Plaintiff in June 2006.

## <u>CONCLUSION</u>

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1(C), I therefore

RECOMMEND that Defendant Tancredo's Motion to Dsmiss [<u>filed July 23, 2007; doc #36</u>], which

was converted to a Motion for Summary Judgment on September 18, 2007 [doc #52], be **granted**,

and that Plaintiff's constitutional claim against Defendant Tancredo be **dismissed with prejudice**.

Dated at Denver, Colorado this 12th day of October, 2007.

BY THE COURT:


  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge