UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  07-cv-00100-WYD-MEH

GAVAN ALKADI,

     Plaintiff,

v.

TOM TANCREDO - U.S. REP OF LITTLETON, COLORADO,

     Defendant.

---

**ORDER ADOPTING AND AFFIRMING
MAGISTRATE JUDGE'S RECOMMENDATIONS**

---

THIS MATTER is before the Court in connection with the following motions:  (1)  the United States' Motion to Dismiss Plaintiff's Tort Claims Against Defendant the United States (docket # 35); (2) Defendant Tancredo's Motion to Dismiss (# 36); and (3) Defendant Tancredo's Motion to Substitute the United States as Defendant for Plaintiff's Tort Claims (# 39).  These motions were referred to Magistrate Judge Hegarty by Order of Reference of March 22, 2007 and Memorandums dated July 25, 2007 and August 15, 2007.

Magistrate Judge Hegarty issued a Recommendation on October 2, 2007, recommending that the Motion to Substitute the United States as Defendant and the United States' Motion to Dismiss Plaintiff's Tort Claims be granted.  Magistrate Judge Hegarty issued a Recommendation on October 12, 2007, recommending that Defendant Tancredo's Motion to Dismiss, which was converted to a Motion for Summary Judgment,

be granted.  The Recommendations are incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

By way of background, Plaintiff filed a Prisoner Complaint in January 2007 against U.S. Representative Tom Tancredo alleging that he was injured as a result of a letter Tancredo addressed to Michael Chertoff, Secretary of the Department of Homeland Security, and published in the press on June 26, 2006.  Plaintiff claims that  he was defamed by the letter, illegally detained, and that he suffered pain and suffering as a result of same.  Compl. at 4-6.

I first address the Recommendation of October 2, 2007.  That Recommendation found that the Motion to Substitute the United States as a party should be granted pursuant to the Westfall Act, 28 U.S.C. § 2679(b)(1) (2007).  Recommendation at 4-5. That Act accords federal employees absolute immunity from common-law tort claims if there is a certification by the Attorney General that the employee was acting within the scope of his office or employment at the time of the incident.  *Id.*  Upon the Attorney General's certification, the employee is dismissed from the action and the United States is substituted as defendant.  *Id.*  Plaintiff acknowledged that his claims are tort claims, but challenged the substitution of the United States as a party.  *Id.* at 3.

In this case, a Certification of Scope of Employment was attached to the United States' Motion to Dismiss.  It certified that Tancredo was acting within the scope of his employment regarding the incidents at issue.  After ordering clarification as to whether the Certification was valid (as it was certified by Cliff Stricklin, First Assistant United States Attorney), Magistrate Judge Hegarty found, based on the Certification,  that the "the Court

-2-

has no choice but to substitute the United States for Defendant Tancredo for purposes of the tort claims." Recommendation at 5.

The Recommendation of October 2, 2007, also recommended that the United States' Motion to Dismiss be granted. *Id.* at 5-8. The United States contended in the motion that the Court lacked jurisdiction to hear Plaintiff's tort claims since he failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"). The Recommendation found that Plaintiff did not file an administrative claim concerning the alleged torts, nor did he obtain an agency decision on such claims as required by the FTCA. *Id.* at 8. Accordingly, Magistrate Judge Hegarty concluded that the action should be dismissed for failure to comply with 28 U.S.C. §§ 2401(b) and 2675(a). *Id.*

The Recommendation of October 12, 2007, recommended that Defendant Tancredo's Motion to Dismiss, which was converted to a motion for summary judgment, be granted. Magistrate Judge Hegarty construed Plaintiff's claims as implicating the Fourth Amendment as Plaintiff asserted that but for Defendant's letter to Chertoff, he would not have been arrested. *Id.* at 6. Thus, Plaintiff's claims assert that no probable cause existed for his arrest and detention. *Id.* The Recommendation found that Plaintiff failed to show a genuine issue of material fact against Tancredo that would justify permitting the case to proceed. *Id.* at 6-7. It also found that there was probable cause to believe that Plaintiff had committed offenses in violation of an Order of Supervision, and that law enforcement acted reasonably in arresting and detaining the Plaintiff. *Id.* at 7-8. Accordingly, it was recommended that Defendant Tancredo's Motion for Summary Judgment be granted, and that the constitutional claim against Tancredo be dismissed with prejudice. *Id.* at 9.

-3-

As to both Recommendations, Magistrate Judge Hegarty advised the parties that specific written objections were due within ten (10) days after service of the Recommendation.  No objections were filed to the Recommendations.  No objections having been filed, I am vested with discretion to review the Recommendations "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendations to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* FED. R. CIV. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendations, I am satisfied that there is no clear error on the face of the record.  I find that Magistrate Judge Hegarty's analysis in both Recommendations is well reasoned and sound.  As to the Recommendation of October 2, 2007, I agree with Magistrate Judge Hegarty's finding that the United States must be substituted as a defendant based on the Certification that was filed in this case.  I also agree that the United States' Motion to Dismiss must be granted as Plaintiff failed to show that he exhausted his administrative remedies.  Accordingly, I find that the Recommendation should be affirmed and adopted in its entirety.

---

[1]  Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a de novo review, FED. R. CIV. P. 72(b).

As to the Recommendation of October 12, 2007, I agree with the finding that Defendant demonstrated there was probable cause to arrest Plaintiff for reasons unrelated to the letter to Chertoff; namely, that Plaintiff violated conditions of release set forth in the Order of Supervision. Plaintiff failed to demonstrate that there was any genuine issue of material fact as to same or show that his Fourth Amendment claim was viable. Accordingly, I find that the Recommendation of October 12, 2007, should also be affirmed and adopted, and that Tancredo's Motion for Summary Judgment should be granted.

Based upon the foregoing, it is

ORDERED that the Recommendation on Motion to Substitute the United States as Defendant and Motion to Dismiss Plaintiff's Tort Claims filed October 2, 2007, is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Defendant Tancredo's Motion to Substitute the United States as Defendant for Plaintiff's Tort Claims (docket # 39) is **GRANTED**. It is

FURTHER ORDERED that the United States' Motion to Dismiss Plaintiff's Tort Claims Against Defendant the United States (docket # 35) is **GRANTED**. The tort claims are **DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that the Recommendation on Motion for Summary Judgment dated October 12, 2007, is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Defendant Tancredo's Motion for Summary Judgment (docket # 36) is **GRANTED**, and the claims against Tancredo are **DISMISSED WITH PREJUDICE**. Finally, it is

ORDERED that this case is terminated as all claims have been dismissed.

Dated:  October 29, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge